IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER; WESTERN WATERSHEDS PROJECT; WILDEARTH GUARDIANS; GALLATIN WILDLIFE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. SHEEP EXPERIMENT STATION; AGRICULTURAL RESEARCH SERVICE, U.S.FISH AND WILDLIFE SERVICE; SALLY JEWELL, in her official capacity as Secretary of the Interior,<br><br>Defendants. | CV 14 –192– M–DLC<br><br>ORDER<br><br>FILED<br>JUL 0 9 2014<br>Clerk, U.S. District Court<br>District Of Montana<br>Missoula |

The Federal Defendants have filed their response to Plaintiffs' motion for a preliminary injunction, providing notice that they have no intention of grazing the Summer West Range prior to June 1, 2015, and offering support for that assurance through the sworn declaration of Laurence D. Chandler, Acting Associate Administrator for Research Operations and Management of the U.S.D.A.'s Agricultural Research Service. Defendants argue that given this representation

1

there is nothing to enjoin, and no threat of irreparable and imminent harm likely to occur in the absence of an injunction. Defendants also request the Court to vacate the hearing on Plaintiffs' motion scheduled for July 10, 2014. Plaintiffs filed a reply, describing recent communications between Counsel regarding their possible entry into a stipulated order or consent decree, and arguing that the Court should apply the voluntary cessation doctrine to find that the Defendants' representation does not render their motion for preliminary injunction moot.

Preliminary injunctions serve to maintain the status quo until the Court has the opportunity to resolve an underlying dispute. It is well-established that a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Defendants' representation that they will not begin grazing on the Summer West Range until June 1, 2015 at the earliest – and possibly not a all – vitiates any argument as to irreparable and immediate harm, and along with it, any justification for a preliminary injunction. This anticipated start date should provide the Court with ample time to resolve the issues raise in the Complaint before any action is

taken on the ground. Defendants do not raise the issue of mootness, and the Court bases its decision today not on mootness, but on a lack of irreparable and immediate harm[1]. Thus, Plaintiffs' arguments on mootness and the voluntary cessation doctrine are inapposite.

The Court is sympathetic to the Plaintiffs' concerns that without a Court order the Defendants are not precluded in any meaningful way from beginning grazing activities. The Court further agrees with the Plaintiffs that some form of stipulated order or consent decree, executed by the parties and submitted for Court approval, would have been an entirely attainable and preferred resolution to this conflict. Such an order and would give teeth to the representations made by the Defendants and Acting Associate Administrator Chandler, and assuage Plaintiffs' legitimate concerns. However, the Court has crafted a resolution that it believes is consistent with the parties' positions and representations, and that protects the parties' interests.

---

[1] Defendants contend that the *Bozeman* burden shifting test established by this Court is improper and inconsistent with the Supreme Court's holding in *Winter*. *See Alliance for the Wild Rockies v. Krueger*, ("*Bozeman*") 950 F.Supp. 2d 1196 (D. Mont. 2013). The *Bozeman* test was crafted as a practical solution in light of two conflicting lines of Ninth Circuit precedent regarding the "burden (or lack of a burden) that plaintiffs bear in ESA cases" on the issue of irreparable harm. *Id.* at 1200-01. The Court does not believe *Bozeman* is inconsistent with *Winter*, nor with subsequent Ninth Circuit cases; it is merely a functional framework employed in ESA-specific cases to resolve the question of immediate harm, one of the four general elements set forth in *Winter*. Regardless of the test or standard employed, however, there is no threat of irreparable harm present here.

3

IT IS ORDERED that the Plaintiffs' Motion for Preliminary Injunction (Doc. 3) is DENIED WITHOUT PREJUDICE, and the hearing scheduled for July 10, 2014 is VACATED.

The Court will take the Federal Defendants' statements and sworn declaration as a good faith assurance that grazing at the Summer West Range will not begin until June 1, 2015. Accordingly,

IT IS FURTHER ORDERED that the Federal Defendants shall file a notice in this case at least sixty (60) days prior to the commencement of any grazing activities in the Summer West Range. This includes any form of construction, habitation, or other on-site preparation activities. Plaintiffs may then seek a preliminary injunction if the Court has not already fully resolved this case.

Dated this 9th day of July, 2014.

Dana L. Christensen, Chief Judge
United States District Court