John Meyer, MT Bar # 11206
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149 | Phone
John@cottonwoodlaw.org

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER; WESTERN WATERSHEDS PROJECT; WILDEARTH GUARDIANS; GALLATIN WILDLIFE ASSOCIATION<br><br>        Plaintiffs,<br>vs.<br><br>U.S. SHEEP EXPERIMENT STATION; AGRICULTURAL RESEARCH SERVICE; U.S. FISH AND WILDLIFE SERVICE; SALLY JEWELL in her official capacity as Secretary of the Interior.<br><br>        Defendants. | Case No. 9:14-CV-00192-DLC<br><br>BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES |

# INTRODUCTION

Plaintiffs submit this application for attorney fees in their latest round of litigation against the U.S. Sheep Experiment Station. Located in the Centennial Mountains of southwest Montana, the Sheep Station has been the subject of three Endangered Species Act and National Environmental Policy Act lawsuits over the past ten years.[1]

Shortly after filing their complaint, Plaintiffs moved for a preliminary injunction to enjoin domestic sheep grazing in the Centennial Mountains. Dkt. 3. Defendants subsequently mooted Plaintiffs' ESA claims by completing a new Biological Opinion and Incidental Take Statement. Dkt. 47 at 3. The Court granted a stay on the remaining NEPA claims. Dkt. 50. Nonetheless, the Court required Defendants to give Plaintiffs 60 days notice prior to authorizing any grazing in the Centennial Mountains. Dkt. 50 at 2. On March 16, 2016, this Court issued a final order dismissing Plaintiffs' case when the Sheep Station submitted another declaration stating it would not graze until an Environmental Impact Statement was completed. Dkt. 56.

---

[1] *Ctr. for Biological Diversity v. U.S. Sheep Experiment Station,* 4:07-cv-00279-BLW; *Cottonwood Envt'l. Law Ctr. v. U. Sheep Experiment Station*, 4:13-cv-00235-CWD; *Cottonwood Envt'l Law Ctr. v. U.S. Sheep Experiment Station*, 9:14-CV-00192-DLC

Plaintiffs now move the Court to grant them their costs of litigation, including reasonable attorney fees, pursuant to 16 U.S.C. §1540(g)(4) (Endangered Species Act, "ESA").

### I. Plaintiffs Are Entitled To Recover Fees Under the Endangered Species Act.

The ESA provides that a court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, *whenever the court determines such award is appropriate.*" 16 U.S.C. § 1540(g)(4) (emphasis added).  The Ninth Circuit Court of Appeals allows Plaintiffs to recover attorney fees and costs under the "catalyst theory." *E.g., Association of California Water Agencies v. Evans,* 386 F3d 879 (9th Cir. 2009). When, as here, a plaintiff does not win a final judgment on the merits, a two-part test determines whether that plaintiff nonetheless "prevailed" for the purpose of receiving attorney's fees. *Id*. at 885-86 (citation omitted). First, in a factual inquiry, the district court must determine what the lawsuit sought to accomplish and then determine whether it was accomplished by means of the suit. *Id*. at 886.

In this case, Plaintiffs sought to enjoin domestic sheep grazing in the Centennial Mountains and also to have the Defendants prepare a new Biological Opinion and Incidental Take Statement. Dkt. 1. Defendants prepared a new Biological Opinion and Incidental Take Statement less than

two weeks before Plaintiffs' summary judgment brief was due; even though the Biological Opinion and Take Statement were still valid for another 9 years. *See* Dkt. 47-3. Tom Vilsack, Secretary of the U.S. Department of Agriculture, cited Plaintiffs' litigation as a reason for his decision to relocate the U.S. Sheep Experiment Station to a federal facility in Nebraska and save millions of taxpayer dollars every year. Exhibit 1 at 3 & 7. In other words, Plaintiffs' litigation was a catalyst in the Secretary's decision to permanently end domestic sheep grazing in the Centennial Mountains. *Id*. Plaintiffs spent 254.6 hours litigating their ESA claims and 5 hours preparing this application.

"After determining the number of reasonable hours, the court must ascertain a reasonable hourly rate in light of the experience, skill, and reputation of the attorney requesting fees." *Alliance for Wild Rockies v. Krueger*, 2014 WL 46498 at *6 (D. Mont. 2014) (citation omitted). The Court awarded Missoula attorney Rebecca Smith $230/hour for ESA work performed in 2013. *Id.* at *5-6. Here, Plaintiffs seek a rate of $240/hour for work their counsel performed in 2014, 2015 and 2016. The rate sought by counsel is reasonable because of their previous successful ESA litigation

against the U.S. Sheep Experiment Station and their special expertise in environmental law.[2]  *See Decl. of John Meyer.*

Plaintiffs have removed all of their time spent on NEPA claims to expedite resolution of their fee application and further demonstrate the reasonableness of their request. Plaintiffs seek to recover for the following:

| Attorney | Hours Spent | Hourly Rate |
|---|---|---|
| John Meyer | 215.6 | $240.00 |
| Natalie Havlina | 44 | $240.00 |
| Total: | 259.6 Hours | |

Filing Fee: $400.00

Postage for PI Motion: $192.57[3]

Havlina PHV: $250.00

Total sought to be recovered:  $63,146.37

---

[2] Plaintiffs will supply declarations from other practicing plaintiffs' attorneys if the Court requests such declarations.

[3] The postage costs reflects this Court's order to serve a copy of the motion for preliminary injunction upon the Defendants within 24 hours. Dkt. 5. at 2. Plaintiffs removed the postage costs related to the complaint and summons in an effort to be reasonable.

Respectfully submitted this 1st day of June, 2016.


/s/ John Meyer
JOHN MEYER

*Attorney for Plaintiffs*


CERTIFICATE OF SERVICE

Pursuant to L.R. 1.4(c)(2), I hereby certify that on June 1, 2016, I electronically filed the foregoing with the Clerk of Court for the United StatesDistrict Court for the District of Montana using the CM/ECF system. Allparticipants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ John Meyer
JOHN MEYER
*Attorney for Plaintiffs*
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman MT 59771
406-546-0149